IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**BRITTANY ANAYA next friend for DESHAUN PACKER**

Plaintiffs,

v.

**LUCAS PEREZ, in his individual capacity;**

Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Brittany Anaya on behalf of her son, Plaintiff Deshaun Packer, by and through their counsel, RAMOS LAW, pleads the following allegations against Defendant:

### PARTIES, JURISDICTION, VENUE

1. Plaintiff Brittany Anaya is a resident of Colorado, a citizen of the United States, and the mother of Plaintiff Deshaun Packer.

2. Plaintiff Deshaun Packer is a resident of Colorado, citizen of the United States, and is and was a minor at all times referenced herein.

3. Defendant Lucas Perez is a resident of Colorado, a citizen of the United States and was working within the course and scope of his employment as a youth officer with The Campus at Lookout Mountain Youth Detention Center at all times referenced herein.

4. At all times referenced herein, Defendant Perez was acting under the color of state law.

5. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C.

§ 1331. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events and omissions alleged herein occurred within the state of Colorado.

## GENERAL ALLEGATIONS

7. At all times referenced herein, Plaintiff Packer was a juvenile detainee at Lookout Mountain Youth Detention Center ("Lookout Mountain").

8. On September 18, 2024, Plaintiff and several other juveniles housed at Lookout Mountain were confronted by several youth officers while in the recreation room.

9. The youth officers instructed the juveniles to disperse to their individual rooms.

10. Plaintiff Packer requested to speak to the supervising youth officer "Cain" before he would leave.

11. Upon arrival, Cain instructed Plaintiff to go to his room or be restrained.

12. Suddenly and without warning, Plaintiff was immediately tackled to the ground by youth officers "Jordan" and "Victor."

13. However, while detained on the ground, Defendant came from behind Plaintiff, grabbed and pulled his left arm causing it to fracture.

14. Plaintiff Packer underwent multiple surgeries to repair his left displaced humeral shaft fracture and remains seriously disfigured.



**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Fourth Amendment**
**Excessive Use of Force**
(Against Defendant Perez)

15. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff is a citizen of the United States and the Defendant to this claim is a person for purposes of 42 U.S.C. § 1983.

17. Plaintiff had a clearly established right under the Fourth Amendment to be free from excessive use of force.

18. Defendant Perez, at all times relevant hereto, was acting under the color of state law.

19. Defendant Perez used more force than was reasonably necessary to subdue Plaintiff Packer by causing a displaced fracture of his left arm while two other youth officers had already subdued him.

20. Defendant Perez is not entitled to qualified immunity.

21. Defendant Perez is liable to the Plaintiff for violation of 42 U.S.C. § 1983.

22. The acts or omissions of Defendant Perez, as described herein, intentionally deprived Plaintiff of his constitutional rights and were moving forces and substantially significant contributing proximate causes of Plaintiff Packer's injuries.

23. As a direct result of Defendant Perez's unlawful conduct, Plaintiff has and will continue to suffer injuries, damages and losses as described herein entitling him to compensatory and special damages including attorneys' fees in amounts to be determined at trial.

24. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

25. Plaintiffs are entitled to punitive damages under 42 U.S.C. § 1983, in that the actions of Defendant Perez were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendant, and award him all relief allowed by law, including but not limited to the following:

(a) All appropriate relief at law and equity;

(b) Declaratory relief and other appropriate equitable relief;

(c) Economic losses on all claims as allowed by law;

(d) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(e) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(f) Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

(g) Pre- and post-judgment interest at the appropriate lawful rate; and

(h) Any further relief that this court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 24th day of February 2026.

                                        **RAMOS LAW**

*/s/ Jessica L. McBryant*
Jessica L. McBryant, #51318
11705 Airport Way, Suite 200
Broomfield, CO 80021
Phone: (720) 547-7945
Fax: (303) 865-5666
Email: jlmcbryant@ramoslaw.com